Dear Mr. Napper:
You question the applicability and legality of Executive Order Numbers KBB 2006-9 and KBB 2006-27 with regard to the Gulf Opportunity Zone Act of 2005. In sum, the United States Congress, through this Act, amended the Internal Revenue Code to establish certain federal tax benefits in those areas of the state that were devastated by Hurricanes Katrina and Rita. Specifically, these benefits apply to the thirty-one parishes that were declared by the President to warrant individual and/or public assistance from the federal government under the Robert G. Stafford Disaster Relief and Emergency Assistance Act. The GO Zone Act authorizes tax-exempt bond financing for qualified Gulf Opportunity Bonds. More specifically, the Act requires as follows:
26 U.S.C.A. § 1400N(a)
 (2). Qualified Gulf Opportunity Zone Bond — or purposes of his subsection, the term "qualified Gulf Opportunity Zone Bond" means any bond issued as part of an issue if —
 (A)(i) 95 percent or more of the net proceeds (as defined in section 150(a)(3) of such issue are to be used for qualified project costs, or
 (ii) such issue meets the requirements of a qualified mortgage issue, except as otherwise provided in this subsection,
 (B) such bond is issued by the State of Alabama, Louisiana, or Mississippi, or any political subdivision thereof,
 (C) such bond is designated for purposes of this section by (i) in the case of a bond which is required under State law to be approved by the bond commission of such State, such bond commission and
 (ii) in the case of any other bond, the Governor of such State. (emphasis added) *Page 2 
The Act further provides:
 26 U.S.C.A. § 1400N
 (5) Special Rules — In applying this title to any qualified Gulf Opportunity Zone Bond, the following modifications shall apply:
 (D) Section 146 (relating to volume cap) shall not apply.
The total amount allocated for this federal program is approximately $7,839,780,000.00. Generally the Governor, through executive order, establishes an allocation procedure relating to volume cap. However, pursuant to the GO Zone Act, such procedure is inapplicable. Article VII, Section 8 of the Louisiana Constitution requires all bonds that are issued or sold by the state, directly or through any state board, agency, or commission, or by any political subdivision, be approved by the Louisiana State Bond Commission.
In response to the Act, Governor Blanco issued two executive orders, Executive Order No. KBB 2006-9 entitled Gulf Opportunity Zone BondAllocation Procedures, dated February 16, 2006 and Executive Order No. KBB 2006-27 entitled Amend and Supplement Executive Order No. KBB 2006-9Gulf Opportunity Zone Bond Allocation Procedures, dated June 12, 2006. The supplemental executive order allows the Governor to grant an allocation by letter rather than executive order. The first order specifically provides as follows:
 Section 2 E. A pool designated as the Qualified Gulf Opportunity Zone Bond Pool is hereby created from which allocations from the ceiling of up to seven billion eight hundred thirty-nine million seven hundred fifty thousand ($7,839,750,000) dollars of Qualified Gulf Opportunity Zone Bonds shall be granted. Each application for an allocation from the Qualified Gulf Opportunity Zone Bond Pool shall be simultaneously furnished and filed with the Louisiana Department of Economic Development and the Louisiana State Bond Commission. The secretary of the Louisiana Department of Economic Development shall (within two weeks, to the extent possible and in any event within four weeks) make recommendations to the governor to assist in the determination of the economic benefits of the Projects to be financed in order to achieve the greatest potential return to the state from authorized uses. Upon the granting of an allocation from the Qualified Gulf Opportunity Zone Bond Pool by the governor and approval and designation of the Bonds as Qualified Gulf Opportunity Zone Bonds by the Louisiana State Bond Commission, such bonds shall be deemed designated as Qualified Gulf Opportunity Zone Bonds within the meaning of Section 1400N of the Code, (emphasis added) *Page 3 
You question the legal effect of these executive orders on the GO Zone Act.
The Governor is empowered to issue executive orders and there is specific legislative authority for her to do so.[1] The Governor has the power to see that laws are faithfully executed.[2] Thus, the authority to issue executive orders is purely an executive power among the separation of powers. Article 2, Section 2 of the Louisiana Constitution clearly provides for the separation of powers among state government into three separate branches: legislative, executive and judicial.
Both the United States Supreme Court and the Louisiana Supreme Court recognize that some administrative agency actions may resemble lawmaking but the executive branch's power to see that the laws are faithfully executed refutes the idea that the executive branch is to be a lawmaker.[3] An executive order is a statement of enforcement policy and does not constitute nor can it substitute for statutory legislation. Rather, executive orders are limited by statutory legislation.[4] They are a means whereby the Governor can order her appointed agency heads to execute faithfully the federal and state constitutions adopted by the people and the laws enacted by the Louisiana Legislature. For example, where the law is somewhat broad but reasonably clear, an executive order may spell out the precise details of the manner of its enforcement. It acts to fill in the gaps of a statute as long as the manner of doing so is reasonably within the legislative intent and the legislative perimeters of that law. An executive order would appear to be valid when the legislation it enforces is valid and sufficient legislative power, guidelines, substance, and delegation are given in the law to formulate the executive order. But an executive order cannot legislate new law or attempt to adopt what the legislature has clearly rejected.
In this instance, the federal statute very clearly specifies that a qualified Gulf Opportunity Zone Bond is to be designated as such by the Louisiana State Bond Commission. The Governor's executive order, in contrast, requires an allocation by the Governor for a bond to be designated as qualified Gulf Opportunity Zone Bond. Although the orders use the term "allocation" with regard to the Governor, the allocation must be granted for a bond to be designated as a qualified GO Zone Bond. In other words, a bond is not deemed to be designated as such until the Governor grants an allocation from the bond pool and the bond is approved and designated by the Bond Commission. This seems to legislate new law and that is contrary to the purpose and function of an executive order. The Act clearly requires that the bonds be designated by the State Bond Commission in the case of a bond which is required under state law to *Page 4 
be approved by the Bond Commission. Louisiana is such a state. And therefore it is the Louisiana State Bond Commission, not the Governor, that is to designate such a bond as a qualified Gulf Opportunity Zone Bond.
In conclusion, we are of the opinion that the executive orders conflict with the federal statute, the GO Zone Act. According to the Act, the Bond Commission, not the Governor, is responsible for designating a bond as a qualified GO Zone Bond.
We hope that this sufficiently responds to your request. And should you have any questions, please contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________ TINA VICARI GRANT Assistant Attorney General
 CCF, Jr./TVG/dam
[1] La.R.S. 49:215
[2] Article IV, Section 5(A) of the Louisiana Constitution
[3] I.N.S. v. Chadha, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed. 2d 317
(1983); State v. Groom, 439 So.2d 357 (La. 1983); See also UnwiredTelecom Corp., v. Parish of Calcasieu, 903 So. 2d 392 (La. 2005) and St.Charles Gaming Co., Inc. v. Riverboat Gaming Commission, 648 So.2d 1310
(La. 1995).
[4] La. Attorney General Opinion No. 78-1381A